2019 MAY 13 PM 4:01
CLERK U.S. DISTRICT
CENTRAL DIST. OF
LOS ANGELES
BY: ___

FILED

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 19CR00292-GW |
|---|---|
| Plaintiff, | **I N F O R M A T I O N** |
| v. | [26 U.S.C. § 5861(d): Possession of Unregistered Firearms; 18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Manufacturing and Dealing in Firearms Without a License; 18 U.S.C. § 2(a): Aiding and Abetting; 18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| PING-YI KWAN, aka "Jesse," | |
| Defendant. | |

The United States Attorney charges:

### COUNTS ONE THROUGH THREE

[26 U.S.C. § 5861(d)]

On or about the following dates, in Los Angeles County, within the Central District of California, defendant PING-YI KWAN, also known as "Jesse" ("KWAN"), knowingly possessed the following firearms, which defendant KWAN knew to be firearms as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Sections 5845(a)(3), (a)(7), and (c), and which had not been registered to defendant KWAN in the National Firearms

1

Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53:

| COUNT | DATE | FIREARM(S) |
|---|---|---|
| ONE | September 12, 2016 | Two firearm silencers, bearing no serial numbers |
| TWO | September 21, 2016 | One AR-15 type rifle with a barrel of less than 16 inches in length, bearing no serial number; and one firearm silencer, bearing no serial number |
| THREE | May 23, 2017 | One firearm silencer, bearing no serial number |

COUNT FOUR

[18 U.S.C. § 922(a)(1)(A); 18 U.S.C. § 2(a)]

Beginning on or about September 23, 2015, and continuing through on or about May 23, 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendant PING-YI KWAN, also known as "Jesse," together with others known and unknown to the United States Attorney, each aiding and abetting the others, not being licensed as importers, manufacturers, or dealers in firearms, willfully engaged in the business of manufacturing and dealing in firearms, specifically, the sales of the following firearms on or about the following dates:

| DATE | FIREARM(S) |
|---|---|
| September 23, 2015 | An AR-15 type rifle, bearing no serial number |
| October 27, 2015 | An AR-15 type rifle, bearing no serial number |
| February 11, 2016 | An AR-15 type pistol, bearing no serial number |
| March 16, 2016 | An AR-15 type pistol, bearing no serial number |
| May 6, 2016 | An AR-type 9mm firearm, bearing no serial number |
| June 15, 2016 | A 5.56 caliber AR-type rifle, bearing no serial number |
| August 29, 2016 | A .308 caliber AR-10 type rifle, bearing no serial number |
| September 12, 2016 | Two firearm silencers, bearing no serial numbers |
| September 21, 2016 | One AR-15 type rifle with a barrel of less than 16 inches in length, bearing no serial number; and one firearm silencer, bearing no serial number |

| DATE | FIREARM(S) |
|---|---|
| October 17, 2016 | A Sig Sauer model P938 9mm pistol, bearing serial number 52B087830; and three AR-15 type rifles, each bearing no serial number |
| May 23, 2017 | One firearm silencer, bearing no serial number |

## FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), Title 26, United States Code, Section 5872, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Four of this Information.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party;

//
//
//

(c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

JUSTIN R. RHOADES
Assistant United States Attorney
Chief, Violent & Organized Crime Section

SARA B. MILSTEIN
Assistant United States Attorney
Violent & Organized Crime Section
Section